| | |
|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7 | COLT / WALLERSTEIN LLP<br>  Doug Colt (Bar No. 210915)<br>  dcolt@coltwallerstein.com<br>  Thomas E. Wallerstein (Bar No. 232086)<br>  twallerstein@coltwallerstein.com<br>  Nicole M. Norris (Bar No. 222785)<br>  nnorris@coltwallerstein.com<br>Shorebreeze II<br>255 Shoreline Drive, Suite 540<br>Redwood Shores, California 94065<br>Telephone:   (650) 453-1980<br>Facsimile:    (650) 453-2411 | |
| 8 | Attorneys for Skootle, Inc. | |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TWITTER, INC., a Delaware corporation,<br><br>            Plaintiff,<br><br>            v.<br><br>SKOOTLE CORP., a Tennessee corporation; JL4 WEB SOLUTIONS, a Philippines corporation; JUSTIN CLARK, an individual, d/b/a TWEETBUDDY.COM; JAMES KESTER, an individual; JAYSON YANUARIA, an individual; JAMES LUCERO, an individual; and GARLAND E. HARRIS, an individual,<br><br>            Defendants. | CASE NO. CV 12-1721<br><br>**SKOOTLE CORPORATION'S ANSWER TO COMPLAINT**<br><br>Filing Date:   April 5, 2012<br>Trial Date:    None Set<br><br>SIGNATURE BY FACSIMILE |

SKOOTLE CORPORATION'S ANSWER TO COMPLAINT<br>CASE NO. CV 12-1721

Defendant Skootle Corporation ("Skootle") hereby submits this Answer to the complaint of Twitter, Inc. ("Twitter") for Breach of Contract; Tortious Interference with Contract; Fraud; and Unfair or Deceptive Business Practices:

## PRELIMINARY STATEMENT

Skootle sells the product referred to in the complaint as "TweetAdder." Twitter claims to have filed this action to fight "spam." While some individuals, companies or products may abuse Twitter in order to send spam, TweetAdder does not. TweetAdder is a product far different from the products referred to in the complaint as TweetAttacks and TweetBuddy. TweetAdder is a lawful, legitimate program that helps businesses and individuals manage their Twitter accounts more efficiently and more effectively.

Traditionally, "spam" refers to the use of electronic messaging systems to send unsolicited bulk commercial messages indiscriminately. TweetAdder is not intended to send spam, and in fact, it is impossible to send spam using TweetAdder. To the contrary, in order for any Twitter user to receive a tweet or direct message that originated from TweetAdder, the Twitter user must have either (a) made the decision to follow a TweetAdder user's twitter profile and therefore elected to read tweets from the user; or (b) posted a tweet @[TweetAdder user].

TweetAdder is a standalone desktop application. By automating certain repetitive and mundane tasks, TweetAdder users are able to find Twitter users with similar interests to follow and interact with. TweetAdder also allows users to schedule Tweets to be posted throughout the day to provide their followers with news, updates, and other information without the need to manually post each individual update. This feature is readily available, for example, with TweetDeck (a similar program owned by Twitter). For example, a news station or blogger can post an article on its website, and TweetAdder can automatically post an excerpt of the article with a link referencing the article on twitter.com. This is something the user could have done anyway, but TweetAdder saves them the extra time and extra steps. As another example, most celebrities are not able to sit at their computer all day and post tweets and manually follow back 1,000 or more Twitter users throughout the day. They can hire someone to do it for them, or they can automate the task with TweetAdder.

This helps them grow their fan base through Twitter and allows their fans to feel they are more connected to them.

Customers of TweetAdder include popular television shows and newspapers, radio stations, PR firms, charities, law firms, musicians, celebrities, politicians and political campaigns, city chambers of commerce, banks, and numerous other businesses from small startups to Fortune 500 companies. These customers use TweetAdder to save the time and expense of manually locating and following users so they can spend more time engaging with the Twitter users that want to hear what they have to say and stay connected with them. Many tasks that TweetAdder performs can already be performed manually by the end user. TweetAdder simply makes it easier with added search capabilities.

Skootle has created TweetAdder in a way that makes it a useful and legitimate tool. Skootle specifically elected to exclude certain features from TweetAdder that would otherwise allow users to abuse Twitter. Without these features, it would be exceedingly difficult to use TweetAdder for illegitimate and malicious purposes. Those excluded features include:

  a. <u>Account creation</u>. TweetAdder clients have no ability to create multiple profiles automatically. They must create their profiles manually with Twitter.
  b. <u>Bulk profile editing</u>. TweetAdder users must create and edit each profile they enter into the program manually.
  c. <u>Mass importing accounts</u>. TweetAdder users must input each twitter profile manually. They cannot upload a list of multiple profiles into the program.
  d. <u>Duplication of account settings</u>. TweetAdder users must open each profile in TweetAdder one by one and manually set each profile setting for that particular profile. They cannot simply copy over settings to their remaining profiles.
  e. <u>Following the same user on multiple accounts</u>. TweetAdder does not permit a user to follower another user from multiple accounts.
  f. <u>@Replies based on user keywords</u>. TweetAdder allows a user to send an "@reply" only on the condition that another Twitter user mentioned them in an @reply, such as a "thank you for mentioning me." TweetAdder does not allow its users to

        indiscriminately send @replies to Twitter users who have not already mentioned them.

    g. <u>Automatic conversion of keywords to hashtags</u>. TweetAdder does not permit users to automatically convert keywords to hashtags.

## **ANSWER TO TWITTER COMPLAINT**

### II. INTRODUCTION

1. Skootle is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 1 and therefore denies them.

2. Skootle admits that Twitter brought this action against Skootle. To the extent any further allegations in ¶ 2 relate to Skootle or James Kester, Skootle denies each and every allegation and/or implication of wrongdoing. To the extent the allegations in ¶ 2 relate to other defendants, Skootle is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

3. Skootle admits that by this action Twitter brings certain allegations against Skootle and refers to Skootle as a "Spamware Defendant," but denies this moniker is applicable. To the extent any further allegations in ¶ 3 relate to Skootle or James Kester, Skootle denies each and every allegation and/or implication of wrongdoing. To the extent the allegations in ¶ 3 relate to other defendants, Skootle is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

### III. THE PARTIES

4. Skootle is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 4 and therefore denies them.

5. Skootle is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 5 and therefore denies them.

6. Skootle admits that it is a corporation incorporated in Tennessee, with its principal place of business in the State of Virginia, doing business in the State of California. Skootle admits that James Kester is a resident of the State of Virginia but denies he individually conducts business in California. Skootle admits James Kester is the principal officer of Skootle. Skootle objects to the

collective reference to Skootle and James Kester as "TweetAdder" as the two are not one and the same.

7. Skootle is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 7 and therefore denies them.

8. Skootle is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 8 and therefore denies them.

9. Skootle is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 9 and therefore denies them.

10. Skootle is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 10 and therefore denies them.

## IV. JURISDICTION AND VENUE

11. Skootle does not contest this Court's jurisdiction.

12. Skootle does not contest that venue is proper in this District under 28 U.S.C. § 1391 (a)(2). To the extent any further allegations in ¶ 12 relate to Skootle or James Kester, Skootle denies each and every allegation and/or implication of wrongdoing. To the extent the allegations in ¶ 12 relate to other defendants, Skootle is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

## V. INTRADISTRICT ASSIGNMENT

13. Skootle is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 13 and therefore denies them.

## VI. GENERAL ALLEGATIONS

### A. Twitter's Service

14. Skootle admits Twitter is an online communications platform that lets users share and receive information in real-time through short messages called "tweets," which have a maximum length of 140 characters. Skootle admits the Twitter service is free of charge. As to the remaining allegations in ¶ 14, Skootle is without sufficient knowledge to form a belief and therefore denies them.

15. Skootle admits this is an accurate reflection of how Twitter may be used.

16. Skootle admits this is an accurate reflection of how Twitter may be used, with the clarification that a direct message may only be received by a user who is a follower.

17. Skootle admits this is an accurate reflection of how Twitter may be used.

**B. "Spam" on Twitter**

18. Skootle admits that certain uses of Twitter are beneficial for businesses and that, as a result, companies of every size now use Twitter to connect with customers, including driving new businesses, offering discounts and deals, and providing customer service. Skootle is without knowledge or information sufficient to form a belief as to the special efforts taken by Twitter, and therefore denies that allegation.

19. Skootle admits that many legitimate companies have grown their businesses through Twitter. Skootle is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in ¶ 19 and therefore denies them.

20. Skootle is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 20 and therefore denies them.

21. Skootle is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 21 and therefore denies them.

22. Skootle admits that Twitter attempts to limit the number of Tweets and direct messages an account can send per day and the number of users an account can follow. Otherwise, Skootle is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in ¶ 22 and therefore denies them.

23. Skootle is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 23 and therefore denies them. To the extent any further allegations in ¶ 23 relate to Skootle or James Kester, Skootle denies each and every allegation and/or implication of wrongdoing. To the extent the allegations in ¶ 23 relate to other defendants, Skootle is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

24. To the extent any allegations in ¶ 24 relate to Skootle or James Kester, Skootle denies each and every allegation and/or implication of wrongdoing. To the extent the allegations in ¶ 24

relate to other defendants, Skootle is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

25. To the extent any allegations in ¶ 25 relate to Skootle or James Kester, Skootle denies each and every allegation and/or implication of wrongdoing. To the extent the allegations in ¶ 25 relate to other defendants, Skootle is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

**C. Twitter's User Agreement**

26. Skootle admits that in order to create a Twitter account, a would-be Twitter user must first agree to be bound by Twitter's user agreement, which comprises the Twitter Terms of Service ("Terms"), the Twitter Rules, and Twitter's Privacy Policy (collectively the "TOS"). Skootle denies that a Twitter account is necessary to access Twitter and use many of Twitter's services. Skootle is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in ¶ 26 and therefore denies them.

27. Skootle denies that by accessing or using Twitter's websites and services a user agrees to be bound by the TOS. Skootle is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in ¶ 27 and therefore denies them.

28. Skootle admits the terms of Twitter's TOS and Twitter Rules speak for themselves. Skootle is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in ¶ 28 and therefore denies them.

29. Skootle admits the terms of Twitter's TOS and Twitter Rules speak for themselves. Skootle is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in ¶ 29 and therefore denies them.

30. Skootle admits the terms of Twitter's TOS and Twitter Rules speak for themselves. Skootle is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in ¶ 30 and therefore denies them.

31. Skootle admits to having opened a Twitter account in 2009 and to agreeing to the TOS in place at that time. To the extent any further allegations in ¶ 31 relate to Skootle or James Kester, all remaining allegations and/or implications of wrongdoing are denied by Skootle. To the extent the

allegations in ¶ 31 relate to other defendants, Skootle is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

**D. TweetAttacks**

32. Skootle admits there exists a product known as TweetAttacks. Otherwise, Skootle is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in ¶ 32 and therefore denies them.

33. Skootle is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 33 and therefore denies them.

34. Skootle is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 34 and therefore denies them.

35. Skootle is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 35 and therefore denies them.

36. Skootle is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 36 and therefore denies them.

37. Skootle is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 37 and therefore denies them.

38. Skootle is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 38 and therefore denies them.

**E. TweetAdder**

39. Skootle admits that it is the owner and operator of a website available at www.tweetadder.com. Skootle further admits that it sells and services a product called "TweetAdder." Skootle further admits that customers may purchase TweetAdder for more than one account. Skootle denies the remaining allegations in ¶ 39.

40. To the extent any allegations in ¶ 40 relate to Skootle and James Kester, Skootle denies all allegations and/or implications of wrongdoing . To the extent the allegations in ¶ 40 relate to other parties, Skootle is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

41. The allegations in this paragraph assert legal conclusions to which no response is required and on that basis Skootle denies them.

42. Skootle admits that the TweetAdder website states that licensees can "get more followers, instantly;" "use our program on an unlimited number of Twitter profiles with TweetAdder Platinum;" and "works your Twitter profile or profiles like a human being." Skootle denies the remaining allegations in ¶ 41.

43. Denied.

44. The allegations in this paragraph assert legal conclusions to which no response is required and on that basis Skootle denies them.

**F. TweetBuddy**

45. Skootle admits there exists a product known as TweetBuddy. Otherwise, Skootle is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in ¶ 45 and therefore denies them.

46. Skootle is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 46 and therefore denies them.

47. Skootle is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 47 and therefore denies them.

48. Skootle is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 48 and therefore denies them.

49. Skootle is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 49 and therefore denies them.

50. Skootle is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 50 and therefore denies them.

51. Skootle is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 51 and therefore denies them.

**G. James Lucero**

52. Skootle is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 52 and therefore denies them.

53. Skootle is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 53 and therefore denies them.

54. Skootle is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 54 and therefore denies them.

**H. Garland E. Harris**

55. Skootle is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 55 and therefore denies them.

56. Skootle is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 56 and therefore denies them.

57. Skootle is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 57 and therefore denies them.

## FIRST CLAIM FOR RELIEF

### Breach of Contract
### (Against All Defendants)

58. Skootle incorporates by reference each and every response contained in paragraphs 1 through 57.

59. To the extent any allegations in ¶ 59 relate to Skootle and James Kester, Skootle denies all allegations and/or implications of wrongdoing. To the extent the allegations in ¶ 59 relate to other parties, Skootle is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

60. Skootle is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 60 and therefore denies them.

61. To the extent any allegations in ¶ 61 relate to Skootle and James Kester, Skootle denies all allegations and/or implications of wrongdoing. To the extent the allegations in ¶ 61 relate to other parties, Skootle is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

62. To the extent any allegations in ¶ 62 relate to Skootle and James Kester, Skootle denies all allegations and/or implications of wrongdoing. To the extent the allegations in ¶ 62 relate

to other parties, Skootle is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

## SECOND CLAIM FOR RELIEF

### Tortious Interference with Contract
### (Against the Spamware Defendants)

63. Skootle incorporates by reference each and every response contained in paragraphs 1 through 62.

64. Skootle is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 64 and therefore denies them.

65. To the extent any allegations in ¶ 65 relate to Skootle and James Kester, Skootle denies all allegations and/or implications of wrongdoing. To the extent the allegations in ¶ 65 relate to other parties, Skootle is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

66. Skootle admits it is aware Twitter has a TOS. To the extent any allegations in ¶ 66 relate to Skootle and James Kester, Skootle denies all allegations and/or implications of wrongdoing. To the extent the allegations in ¶ 66 relate to other parties, Skootle is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

67. To the extent any allegations in ¶ 67 relate to Skootle and James Kester, Skootle denies all allegations and/or implications of wrongdoing. To the extent the allegations in ¶ 67 relate to other parties, Skootle is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

68. To the extent any allegations in ¶ 68 relate to Skootle and James Kester, Skootle denies all allegations and/or implications of wrongdoing. To the extent the allegations in ¶ 68 relate to other parties, Skootle is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

69. To the extent any allegations in ¶ 69 relate Skootle and James Kester, Skootle denies all allegations and/or implications of wrongdoing. To the extent the allegations in ¶ 69 relate to other

parties, Skootle is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

70. To the extent any allegations in ¶ 70 relate to Skootle and James Kester, Skootle denies all allegations and/or implications of wrongdoing. To the extent the allegations in ¶ 70 relate to other parties, Skootle is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

## THIRD CLAIM FOR RELIEF

### Fraud
### (Against the Spamware Defendants)

71. Skootle incorporates by reference each and every response contained in paragraphs 1 through 70.

72. To the extent any allegations in ¶ 72 relate to Skootle and James Kester, Skootle denies all allegations and/or implications of wrongdoing. To the extent the allegations in ¶ 72 relate to other parties, Skootle is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

73. To the extent any allegations in ¶ 73 relate to Skootle and James Kester, Skootle denies all allegations and/or implications of wrongdoing. To the extent the allegations in ¶ 73 relate to other parties, Skootle is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

74. To the extent any allegations in ¶ 74 relate to Skootle and James Kester, Skootle denies all allegations and/or implications of wrongdoing. To the extent the allegations in ¶ 74 relate to other parties, Skootle is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

75. To the extent any allegations in ¶ 75 relate to Skootle and James Kester, Skootle denies all remaining allegations and/or implications of wrongdoing. To the extent the allegations in ¶ 75 relate to other parties, Skootle is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

# FOURTH CLAIM FOR RELIEF

## Unlawful, Unfair, and Fraudulent Business Practices Under California Business & Professions Code § 17200, et seq.
### (Against All Defendants)

76. Skootle incorporates by reference each and every response contained in paragraphs 1 through 76.

77. To the extent any allegations in ¶ 77 relate to Skootle and James Kester, Skootle denies all allegations and/or implications of wrongdoing. To the extent the allegations in ¶ 77 relate to other parties, Skootle is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

78. To the extent any allegations in ¶ 78 relate to Skootle and James Kester, Skootle denies all allegations and/or implications of wrongdoing. To the extent the allegations in ¶ 78 relate to other parties, Skootle is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

79. To the extent any allegations in ¶ 79 relate to Skootle and James Kester, Skootle denies all allegations and/or implications of wrongdoing. To the extent the allegations in ¶ 79 relate to other parties, Skootle is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

80. To the extent any allegations in ¶ 80 relate to Skootle and James Kester, Skootle denies all allegations and/or implications of wrongdoing. To the extent the allegations in ¶ 80 relate to other parties, Skootle is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

81. Skootle denies any and all allegations of the complaint that it has not expressly admitted or qualified.

## RESPONSE TO PRAYER FOR RELIEF

Skootle denies that Twitter is entitled to any of the relief requested in its Prayer for Relief, or any other relief.

## AFFIRMATIVE DEFENSES

In addition to the defense described below, Skootle expressly reserves the right to allege additional defenses as they become known during the course of discovery. In asserting any or all of these defenses, Skootle does not concede that it bears the burden of establishing any fact or proposition on any issue.

### AFFIRMATIVE DEFENSE 1

82. FAILURE TO STATE A CLAIM – Skootle asserts that the complaint fails to state a claim against Skootle upon which relief can be granted.

### AFFIRMATIVE DEFENSE 2

83. NON-BREACHING USES – Skootle asserts that TweetAdder offers features that do not breach the TOS.

### AFFIRMATIVE DEFENSE 3

84. NON-BREACH – Skootle asserts it does not breach and has not breached (directly, indirectly, contributorily, or by inducement) any contracts alleged in the complaint. In fact, Skootle asserts that the TOS alleged in the complaint contains terms in addition to and different from the terms of the TOS in place in 2009.

### AFFIRMATIVE DEFENSE 4

85. ACCORD AND SATISFACTION – Skootle asserts that Twitter's claims, or parts thereof, are barred by the doctrine of accord and satisfaction.

### AFFIRMATIVE DEFENSE 5

86. PERFORMANCE – Skootle asserts that it discharged each and every obligation, if any, which it may have owed to Twitter.

### AFFIRMATIVE DEFENSE 6

87. SUBSTANTIAL COMPLIANCE – Skootle asserts that Twitter's claims against Skootle are barred by the doctrine of substantial compliance.

### AFFIRMATIVE DEFENSE 7

88. ECONOMIC LOSS RULE – Skootle asserts that Twitter's claims are barred by the economic loss rule.

## AFFIRMATIVE DEFENSE 8

89. JUST CAUSE – Defendant asserts that the actions taken of which Twitter complains were taken with just cause and were not in violation of any federal or state statute.

## AFFIRMATIVE DEFENSE 9

90. LACHES – Defendant asserts that Twitter's claims are barred by the doctrine of laches.

## AFFIRMATIVE DEFENSE 10

91. ESTOPPEL – Skootle asserts that Twitter's claims are barred by the doctrine of estoppel.

## AFFIRMATIVE DEFENSE 11

92. FAILURE TO DO EQUITY – Skootle asserts that no relief may be obtained under the complaint by reason of Twitter's failure to do equity in the matters alleged in the complaint.

## AFFIRMATIVE DEFENSE 12

93. FAILURE TO MITIGATE – Skootle asserts that Twitter's claims are barred for failure to mitigate damages.

## AFFIRMATIVE DEFENSE 13

94. MERITLESS CLAIM(S) – Skootle asserts that Twitter's complaint and the cause(s) of action alleged therein is frivolous and brought and maintained in bad faith and without reasonable cause, is totally and completely without merit, and was brought for the sole purpose of harassing Skootle and that Skootle is entitled to recover reasonable expenses, including attorneys' fees, from Twitter and its counsel.

## AFFIRMATIVE DEFENSE 14

95. RATIFICATION – Skootle asserts that it did not ratify or approve any wrongful conduct.

## AFFIRMATIVE DEFENSE 15

96. WAIVER – Skootle asserts that Twitter's claims are barred by the doctrine of waiver.

### AFFIRMATIVE DEFENSE 16

97. UNCLEAN HANDS - Skootle asserts that Twitter's claims are barred by the doctrine of unclean hands.

### AFFIRMATIVE DEFENSE 17

98. FIRST AMENDMENT – Skootle asserts that the actions taken by it or its customers are protected by the First Amendment.

### JURY TRIAL DEMANDED

Skootle hereby demands a trial by jury as to all issues so triable in this action.

Date: May 4, 2012                             COLT / WALLERSTEIN LLP

By:_____
    Doug Colt
    Thomas E. Wallerstein
    Nicole M. Norris
    Attorneys for Skootle, Inc.