1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                    FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   TWITTER, INC.,                              No. C 12-1721 SI

12            Plaintiff,                         **ORDER TO SHOW CAUSE**

13      v.

14   SKOOTLE CORP., JL4 WEB SOLUTIONS,
     JAMES KESTER, JAYSON YANUARIA,
15   JAMES LUCERO, and GARLAND E. HARRIS,

16            Defendants.
                                          /
17

18          This is an action for breach of contract, tortious interference with contract,  fraud, and unfair or

19   deceptive business practices, initiated by plaintiff Twitter, Inc. ("Twitter") in connection with violations

20   of its Terms of Service ("TOS") and various "spam" activities alleged against defendants Skootle Corp.,

21   JL4 Web Solutions, James Kester, Jayson Yanuaria, James Lucero, and Garland E. Harris (collectively,

22   "Defendants").[1]

23          The allegations in the complaint are that defendants JL4Web Solutions and Yanuaria, are

24   "spamware defendants" who created and licensed "TweetAttacks" software which can be used by

25   individuals to produce Twitter spam in violation of Twitter's TOS.  Complaint, ¶¶ 5, 32-38.  Plaintiff

26   alleges that Skootle Corp. and defendant Kester, who is the principal officer of Skootle, are "spamware

27   defendants" who created and licensed "TweetAdder" software which can be used by individuals to

28   produce Twitter spam.  Complaint, ¶¶ 6, 39-44.  Plaintiff alleges that Lucero is a "spammer defendant"

          [1] Defendant Justin Clark has been dismissed from the case.

**United States District Court**
For the Northern District of California

who uses Twitter spam to promote "dubious" websites which mislead consumers.  Complaint, ¶¶ 52-54.

Finally, plaintiff alleges that Harris is a "spammer defendant" who uses Twitter spam to promote

payment services of "questionable legitimacy."   Complaint, ¶¶ 55-57.   However, other than the

connections between JL4Web Solutions/Yanuaria and Skootle Corp./Kester, the complaint is devoid

of any factual allegations connecting the activities of the individual and groups of defendants to each

other or to a specific instance of harm to Twitter.

It appears to the Court that defendants have been misjoined.  Federal Rule of Civil Procedure

Fed. R. Civ. P. 21 provides that, "[o]n motion or on its own, the court may at any time, on just terms,

add or drop a party. The court may also sever any claim against a party."  On or before **July 2, 2012**,

plaintiff shall respond showing why this Court should not sever the claims against the different sets of

defendants, requiring plaintiff to prosecute separate cases.  Defendants may file a response, if any, on

or before **July 9, 2012.**  The Court will take the matter under submission.

**IT IS SO ORDERED.**

Dated: June 25, 2012

_____
SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE