IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TWITTER, INC.,

    Plaintiff,

v.

SKOOTLE CORP., JL4 WEB SOLUTIONS, JAMES KESTER, JAYSON YANUARIA, JAMES LUCERO, and GARLAND E. HARRIS,

    Defendants.

                                        /

No. C 12-1721 SI

**ORDER SEVERING DEFENDANT FOR MISJOINDER**

On June 25, 2012, the Court issued an Order to Show Cause to plaintiff to explain why this Court should not sever the claims against the different sets of defendants in this case for misjoinder under Federal Rule of Civil Procedure 21. Plaintiff responded on July 2, 2012, arguing that joinder was proper, but the issue was moot because plaintiff was in the process of "discussing resolution" with defendant Harris – the only remaining allegedly misjoined defendant.[1] Docket No. 48 at 5. On July 9, 2012, defendants Skootle Corp. and James Kester filed a response, arguing that defendant Harris was misjoined and should be dismissed. Docket No. 50. As of the date of this Order, plaintiff has not moved to dismiss defendant Harris and the Court has no information as to the status of the "discussions" regarding the resolution of plaintiff's claims against Harris.

---

[1] The parties agree that defendants Skootle Corp. and James Kester are properly joined in one action.

The Court finds that defendant Harris has been misjoined with Skootle/Kester under Federal Rule of Civil Procedure 20(a), which allows joinder where the harms alleged arise out of the "same transaction, occurrence, or series of transactions or occurrences." The complaint is devoid of any factual allegations connecting the activities of Harris to the alleged activities of Skootle/Kester. The complaint is likewise devoid of any factual allegations connecting the harm Twitter suffered due to the Harris' alleged activities and the harm Twitter suffered due to Skootle/Kester's activities. In these circumstances, Harris is not properly joined in one action with Skootle/Kester. *See, e.g., Optimum Power Solutions LLC v. Apple Inc.*, 2011 U.S. Dist. LEXIS 106436 (N.D. Cal. Sept. 20, 2011) (misjoinder where no allegations that defendants acted in concert or otherwise controlled or directed each others' conduct); *IO Group, Inc v. Does*, 2010 U.S. Dist. LEXIS 133717 (N.D. Cal. Dec. 7, 2010) (dismissing complaint for lack of facts to support an allegation that defendants worked in concert).

For the foregoing reasons, the Court hereby severs and dismisses without prejudice plaintiff's claims against defendant Harris. If plaintiff wishes to pursue its claims against Harris, it must do so in a separate lawsuit.

**IT IS SO ORDERED.**

Dated: July 20, 2012

SUSAN ILLSTON
United States District Judge

2