1 | DAVID H. KRAMER, State Bar No. 168452
CHARLES T. GRAVES, State Bar No. 197923
2 | RIANA S. PFEFFERKORN, State Bar No. 266817
WILSON SONSINI GOODRICH & ROSATI
3 | Professional Corporation
650 Page Mill Road
4 | Palo Alto, CA 94304-1050
Telephone:  (650) 493-9300
5 | Facsimile:   (650) 565-5100
Email:  dkramer@wsgr.com
6 |        tgraves@wsgr.com
        rpfefferkorn@wsgr.com
7 |
Attorneys for Plaintiff
8 | TWITTER, INC.

9 | DOUGLAS W. COLT, State Bar No. 210915
THOMAS E. WALLERSTEIN, State Bar No. 232086
10 | NICOLE M. NORRIS, State Bar No. 222785
COLT/WALLERSTEIN LLP
11 | Shorebreeze II
255 Shoreline Drive, Suite 540
12 | Redwood Shores, CA 94065
Telephone: (650) 453-1980
13 | Facsimile:  (650) 453-2411
14 | Email: dcolt@coltwallerstein.com
        twallerstein@coltwallerstein.com
15 |        nnorris@coltwallerstein.com

16 | Attorneys for Defendants
SKOOTLE CORP. and JAMES KESTER
17 |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| TWITTER, INC., a Delaware corporation, | ) | CASE NO.:  3:12-cv-1721 SI |
| | ) | |
| Plaintiff, | ) | **JOINT STATEMENT REGARDING** |
| | ) | **DISCOVERY ISSUES** |
| v. | ) | |
| | ) | |
| SKOOTLE CORP., a Tennessee corporation; and | ) | |
| JAMES KESTER, an individual, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| ———————————————————— | ) | |

JOINT STATEMENT REGARDING DISCOVERY                               CASE NO. 3:12-CV-1721 SI
ISSUES

1    The parties submit this Joint Statement Regarding Discovery Issues pursuant to the Court's

2  Standing Order dated July 28, 2011.  This case centers on Defendants' software tool, TweetAdder,

3  which Plaintiff alleges breaches Plaintiff's Terms of Service (TOS) and induces Defendants'

4  customers to do likewise.  Defendants assert that they have not breached the TOS and have raised

5  various defenses against Plaintiff's claims.  The parties are seeking discovery in connection with

6  their respective claims and defenses, and met and conferred in person on October 9, 2012.

7  **1.    Plaintiff's Statement**

8    A.  Plaintiff's Interrogatories (1, 2) (Exs. 1 & 2)

9    With respect to Interrogatories 1 and 2 – in which Twitter seeks the identification of

10  Twitter accounts held by Skootle's employees – Defendants assert that information about Skootle

11  employees' non-work-related Twitter accounts is irrelevant and private, and that Twitter may

12  independently obtain the same information.  The information is discoverable because the opening

13  of a Twitter account by a Skootle employee – which requires acceptance of the Terms of Service

14  at issue in this lawsuit – may lead to relevant information that Skootle employees were aware of

15  and/or bound by those Terms of Service.  The bare fact of opening such accounts is not private.

16  Twitter cannot identify the accounts on its own with any certainty because different people may

17  use the same name to open a Twitter account.

18    B.  Plaintiff's Requests for Production of Documents (Exs. 3 & 4)

19    With respect to Document Requests 14 (Skootle) and 15 (Mr. Kester) – in which Twitter

20  seeks documents showing Defendants' revenues from the TweetAdder software – Defendants

21  objected that this information will become relevant only once Twitter proves Defendants' liability.

22  The revenues are discoverable because, among other things, they help identify Defendants'

23  customers (and thus the extent of Defendants' liability) by corroborating other sources of

24  information about the customer base; they show Defendants' knowledge, motive, and

25  responsibility for offering the software; they show the potential bias of witnesses who are paid out

26  of those revenues; they are relevant for the constructive trust Twitter seeks over such revenues;

27  and they demonstrate whether Defendants are able to pay any money judgment assessed against

28  them.

1          With respect to Document Requests 15 (Skootle) and 16 (Mr. Kester) – in which Twitter

2   seeks Defendants' financial statements and (redacted) tax records – Defendants claim these

3   Requests are overbroad, irrelevant, and invasive of their privacy.  As with the foregoing, this

4   information is presently relevant because it shows motive, knowledge, and responsibility.  Plaintiff

5   agrees that Mr. Kester may redact personal information such as Social Security numbers, and any

6   portions of documents that do not relate to TweetAdder.  Likewise, Skootle may withhold

7   documents that do not relate in any way to TweetAdder.  Plaintiff maintains that Skootle must

8   produce any documents that contain both responsive material and material that does not relate to

9   TweetAdder.  As a corporation, Skootle has no right to privacy.  *See Fed. Commc'ns Comm'n v.*

10  *AT&T Inc.*, 131 S.Ct. 1177, 1183-85, 562 U.S. __, __ (2011).

11          C.   Plaintiff's Document Subpoenas to Third Parties (Exs. 5 & 6)

12          Plaintiff served document subpoenas to third parties Troy Fales and Amanda Kester, who

13  are both represented by Defendants' counsel, with a response date of October 12, 2012.  When the

14  parties met on October 9, 2012, they agreed to extend the response date to October 19, 2012.  Ms.

15  Kester produced documents on that date, subject to her objections.  However, Mr. Fales missed

16  this extended deadline, citing "technical snags," and has not informed Plaintiff when the

17  documents will be produced except to say that document production is "forthcoming."  Plaintiff is

18  entitled to timely responses to its document subpoenas, and a vague reference to "technical snags"

19  does not supply adequate excuse for Mr. Fales's failure to obey the subpoena under Rule 45(e).

20          Through counsel, Mr. Fales objects that Request No. 3 – which seeks documents showing

21  the amounts Mr. Fales has been paid for his work on TweetAdder – seeks irrelevant information

22  and intrudes on his right to privacy.  This information is discoverable because it shows that

23  Defendants knew about and condoned Mr. Fales's actions, it helps establish Mr. Fales's status as

24  an agent of Defendants, and it also shows Mr. Fales's bias as a witness.  Mr. Fales may redact

25  sensitive personal information, as well as information pertaining to income for work or services

26  performed wholly in connection with other matters, and not in connection with TweetAdder.

27          Mr. Fales objected to Request Nos. 11, 12, and 14 – which seek documents and

28  communications relating to Twitter, Skootle, or TweetAdder – as overbroad, on the basis of an

1   apparently mistaken interpretation of the term "relating to" that encompasses any occurrence

2   whatsoever of the word "Twitter," "Skootle," or "TweetAdder."  Twitter stands by these Requests

3   as worded and maintains that the subpoena's Definitions section, which defines certain of the

4   terms used in these Requests, adequately limits the Requests' breadth and scope.

5   **2.        Defendants' Statement**

6   A.  <u>Plaintiff's Responses to Skootle's Interrogatories</u>

7   Plaintiff has responded to various of Skootle's interrogatories by asserting that the

8   information sought will be disclosed in documents that Plaintiff intends to produce.  Because

9   Plaintiff has thus far produced only a handful of publicly-available documents, Defendants cannot

10  assess the propriety of Plaintiff's response.  In any event, Defendants have asked Plaintiff to agree

11  to identify which documents are responsive to which requests, but Plaintiff has thus far declined to

12  agree.  Defendants will further raise this issue with this Court if Plaintiffs decline to agree.

13  B.  <u>Plaintiff's Interrogatories (1, 2)</u>

14  Plaintiff's interrogatory numbers 1 and 2 seek information related to Defendants', and their

15  employees', Twitter accounts.  Defendants have already responded in full to these interrogatory

16  requests to the extent either Skootle or Mr. Kester created any Twitter account and/or instructed

17  any employee to do the same on behalf of Skootle.  To the extent these interrogatories seek

18  information related to Defendants' employees' personal Twitter accounts, if any, such information

19  is outside Defendants' possession, custody, or control in that such information is personal as to

20  that individual employee.  Defendants have no basis on which to demand any employee or former

21  employee provide such information and Plaintiff cannot point to any authority stating otherwise.

22  Moreover, despite Plaintiff's contention, the information is irrelevant to establishing that

23  any actions Defendants took constitute the violations alleged in the Complaint.  Whether Skootle

24  employees were aware of and/or bound by any Twitter Terms of Service as to any *personal*

25  Twitter account they may or may not have, has no impact on Defendants' liability.

26  Furthermore, Plaintiff has alternative means of obtaining the requested information.

27  Defendants have provided to Plaintiff names and contact information for any current and/or

28  former Skootle employee, three of which Plaintiff has already subpoenaed.  Plaintiff should pursue

1   this information directly from the selected witnesses so that they may respond as appropriate.

2       C.   Plaintiff's Requests for Production of Documents

3       Plaintiff's document request numbers 14-15 to Skootle and 15-16 to Mr. Kester seek

4   documents showing all of Defendants' revenue and income, including all financial statements and

5   tax records.  Plaintiff has since agreed to limit these requests to cover only Defendants' income

6   from TweetAdder or their work for Skootle.

7       Even as so limited, Plaintiff's requests are overbroad.  Plaintiff has claimed to be entitled

8   to Defendants' "ill-gotten gains" and seeks to recover "disgorgement of profits, as permitted by

9   law and in such amounts to be proved at trial."  (Complaint, ¶¶ 74, B.)  Such a remedy is not

10  available to Plaintiff for the asserted causes of action and thus, the requested documents are not

11  discoverable.

12      Plaintiff is only entitled to disgorgement of profits if those profits were taken directly from

13  Twitter.  *Korea Supply Co. v. Lockheed Martin Corp*., 29 Cal.4th 1134, 1140, 1143-1152 (2009)

14  (disgorgement of profits is not an authorized remedy in an individual action where such profits are

15  neither taken from a plaintiff nor funds in which a plaintiff has an ownership interest); *see also,*

16  *Kraus v. Trinity Management Serv's., Inc*., 23 Cal.4th 116, 126-137 (2000) (plaintiff in a

17  representative action cannot recover disgorgement in a nonrestitutionary sense).  Skootle's profits

18  from the license of the TweetAdder software constitute neither money taken from Plaintiff nor

19  funds in which Plaintiff has an ownership interest.

20      Plaintiff now also claims it is entitled to that information because it helps identify

21  Defendants' customers and is relevant to show potential bias of witnesses.  But Plaintiff already

22  has propounded and obtained discovery that will identify Defendants' customers and Plaintiff fails

23  to articulate how the information reflect on the bias of any third party witnesses.

24      D.   Plaintiff's Document Subpoenas to Third Parties

25      Mr. Fales timely responded in writing to Plaintiff's subpoena.  He and his counsel are

26  collecting and reviewing documents for production and will produce any responsive documents on

27  a rolling basis.

28      With respect to Request No. 3, Mr. Fales' objections stand for the reasons discussed in

JOINT STATEMENT REGARDING DISCOVERY          -4-          CASE NO. 3:12-CV-1721 SI
ISSUES

1    section B, above.  The requested information relates to income and profits, information to which

2    Plaintiff is not entitled in light of the asserted causes of action.  Mr. Fales is not a party to this

3    action and his right to privacy is implicated by Plaintiff's request.  Moreover, Mr. Fales' income

4    from Skootle that has no relation to any work relating to TweetAdder is not relevant to any alleged

5    causes of action or asserted defense in this case.

6         Plaintiff's Request Nos. 11, 12, and 14 seek documents that generally relate to Twitter,

7    Skootle, and/or TweetAdder.  Mr. Fales and Ms. Kester agreed to produce non-privileged,

8    responsive documents they could locate after a reasonable search that relate to Twitter and

9    Skootle, or Twitter and TweetAdder, or Skootle and TweetAdder.  Mr. Fales and Ms. Kester's

10   objections go to the over-breadth of the request to the extent they relate to Twitter generally.

11        As worded, Plaintiff's requests would encompass every single email to or from every

12   single person who included a "Follow me on Twitter" or Twitter username in their email

13   signature, regardless of the subject matter of the email.  In addition, without limitation, these

14   requests would render every single email, receipt, or sales confirmation for any product from any

15   merchant who included a Twitter username on their emails, receipts, or sales confirmations

16   responsive to these requests.  Indeed, Mr. Fales and Ms. Kester have identified communications

17   related to their purchases of pool equipment, aquarium equipment, flowers, and other

18   miscellaneous items from Amazon.com, that all include some reference to Twitter.

19        Requests calling for this type of information are grossly overbroad and would require the

20   production of documents that are not in any way relevant to the claims it asserts against

21   Defendants, nor can it argue that any such documents can reasonably lead to the discovery of

22   admissible evidence.  Accordingly, Mr. Fales' and Ms. Kester's limitations and agreement to

23   produce documents that are related to both Twitter and TweetAdder or Skootle, are wholly

24   appropriate.

25        During the meet and confer process, Defendants offered to negotiate different limitations

26   that would sufficiently narrow the scope of the requests to exclude the clearly irrelevant

27   documents used in the examples above.  Plaintiff has refused to further meet and confer and has

28   opted to submit this joint statement instead.

JOINT STATEMENT REGARDING DISCOVERY            -5-                    CASE NO. 3:12-CV-1721 SI
ISSUES

1

2  DATED: October 26, 2012                    WILSON SONSINI GOODRICH & ROSATI P.C.

3                                             By: _/s Charles T. Graves_____
                                                    Charles T. Graves
4
                                             Attorneys for Plaintiff TWITTER, INC.
5

6

7  DATED: October 26, 2012                    COLT / WALLERSTEIN LLP

8                                             By: _/s Nicole M. Norris_____

9                                             Attorneys for Defendants SKOOTLE CORP.
                                              and JAMES KESTER
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT STATEMENT REGARDING DISCOVERY          -6-                    CASE NO. 3:12-CV-1721 SI
ISSUES

1    **CERTIFICATION**

2        I, Charles T. Graves, am the ECF User whose identification and password are being used

3    to file the **Joint Statement Regarding Discovery Issues**.  In compliance with General Order

4    45.X.B, I hereby attest that Nicole M. Norris has concurred in this filing.

5    DATED:  October 26, 2012                    WILSON SONSINI GOODRICH & ROSATI
                                                  Professional Corporation
6
                                                 By:    *s/Charles T. Graves*
7                                                        Charles T. Graves

8                                                Attorneys for Plaintiff Twitter, Inc.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28