IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TWITTER, INC.,

    Plaintiff,

v.

SKOOTLE CORP. and JAMES KESTER,

    Defendants.

No. C 12-1721 SI

**ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL**

Currently before the Court is Twitter's motion to compel discovery from defendants Skootle Corp. and James Kester and from two third parties. Docket No. 65. The Court has considered the arguments raised and rules as follows:

Plaintiff's Interrogatories Nos. 1-2: These interrogatories seek identification of "personal" Twitter accounts opened by Skootle's employees. Twitter argues this information is relevant to the issue of what Skootle employees knew about Twitter's Terms of Service (TOS). Twitter contends that it cannot ascertain this information on its own, despite Skootle's provision of a list of current and former employees to Twitter, because individuals opening Twitter accounts often have the same name. Defendants object to these requests, arguing that the information sought is not relevant, is personal to the individual employees and is not in Skootle or Kester's custody or control. Defendants also argue that Twitter has and can continue to seek discovery directly from Skootle's current or former employees, presumably by deposition notice or subpoena, about their personal Twitter accounts.

The Court finds that given this information's marginal relevance to defendants' liability, Twitter's motion to compel as to these interrogatories is DENIED without prejudice. If, as discovery continues, Twitter discovers that current or former Skootle employees used "personal" accounts in furtherance of the allegations made in the complaint, it can again move to compel production of this information.

<u>Plaintiff's Requests for Production 14/15 to Skootle and 15/16 to Kester</u>: These requests ask defendants to produce documents regarding defendants' revenue and income from Skootle and Skootle's TweetAdder program, including financial statements and tax records. Defendants object to these requests, arguing that their financial information is not relevant to the causes of action alleged. The Court notes that the information sought is directly relevant to the issue of punitive damages under the alleged tortious interference and fraud causes of action. As such, plaintiff's motion to compel as to these requests for production is GRANTED.

<u>Plaintiff's Document Subpoenas to Third Parties</u>: Plaintiff asks the Court to compel third-parties Troy Fales and Amanda Kester – who are represented by defense counsel – to produce documents. With respect to Mr. Fales, Twitter has requested documents showing the amounts Fales has been paid for his work on TweetAdder, allowing for redactions of personal information and of income on work or services not related to TweetAdder (Request No. 3). Plaintiff contends these documents will show that defendants knew about and condoned Mr. Fales' conduct, and will help establish Mr. Fales' status as an agent of Skootle and his bias as a witness. Defense counsel object on Mr. Fales' behalf, arguing that the information sought impermissibly violates Mr. Fales' rights of privacy as he is not a defendant. The Court GRANTS Twitter's motion to compel production of documents responsive to Request No. 3, redacted as identified above.

The document subpoenas also seek all communications relating to Twitter, Skootle or TweetAdder (Request Nos. 11, 12, 14). Defense counsel object on behalf of Mr. Fales and Ms. Kester on over-breadth grounds, arguing that the requests as phrased would cover any document mentioning Twitter and include, for example, emails with a signature identifying a Twitter account. The Court

2

GRANTS Twitter's motion to compel with respect to Request Nos. 11, 12 and 14 but defines "relating to" as "concerning, describing or discussing."

**IT IS SO ORDERED.**

Dated: November 7, 2012

SUSAN ILLSTON
United States District Judge