...
...

DAVID H. KRAMER, SBN 168452
CHARLES T. GRAVES, SBN 197923
RIANA S. PFEFFERKORN, SBN 266817
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100
Email: dkramer@wsgr.com

Attorneys for Plaintiff
TWITTER, INC.

DOUG COLT, SBN 210915
THOMAS E. WALLERSTEIN, SBN 232086
NICOLE M. NORRIS, SBN 222785
COLT / WALLERSTEIN LLP
Shorebreeze II
255 Shoreline Drive, Suite 540
Redwood Shores, CA 94065
Telephone: (650) 453-1980
Facsimile: (650) 453-2411

Attorneys for Defendants
SKOOTLE CORP., JAMES KESTER,
and TROY FALES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TWITTER, INC., a Delaware corporation, | Case No. 3:12-cv-1721 JST |
| Plaintiff, | **[PROPOSED] STIPULATED TERMS OF SETTLEMENT AND CONSENT ORDER** |
| v. | |
| SKOOTLE CORP., a Tennessee corporation; JAMES KESTER, an individual; and TROY FALES, an individual, | Judge: Hon. Jon S. Tigar |
| Defendants. | |

As a result of settlement of this action by virtue of a confidential settlement agreement between the parties, and as a result of the parties' agreement regarding the terms of this consent judgment, judgment is hereby entered in this action, and it is hereby ORDERED, ADJUDGED, and DECREED that:

1) Plaintiff Twitter, Inc. filed this lawsuit against Defendants Skootle Corporation and James Kester in April 2012, and added Defendant Troy Fales in its First Amended Complaint.

2) This Court has jurisdiction over the parties to this action and over the subject matter of the complaint.

3) The Parties have agreed to resolve this dispute through a confidential settlement agreement, entered into by all Parties on advice of counsel of their own choice, have consented to this [Proposed] Stipulated Terms of Settlement and Consent Order, and hereby stipulate as follows:

    a) Defendants Skootle Corporation, James Kester, and Troy Fales, their agents, employees, and other persons who are in active concert or participation with anyone described in this subsection, are permanently enjoined from directly or indirectly:

        i) Creating or soliciting the creation of Twitter accounts for purposes that violate Twitter's Terms of Service (this term, or "TOS", includes Twitter's Terms of Service, the Twitter Rules, API Terms/Developer Rules of the Road, Automation Rules and Best Practices, Following Rules and Best Practices, and other user and developer terms);

        ii) Accessing, searching, or attempting to access or search Twitter's website, computer systems, and services in order to engage in specific acts that violate Twitter's Terms of Service;

        iii) Creating, developing, manufacturing, adapting, modifying, making available, trafficking in, using, disclosing, selling, licensing, distributing (with or without monetary charge), updating, providing customer support for, or offering for use, sale, license, or distribution (with or without monetary charge), any software or technology designed

- 1 -

[PROPOSED] STIPULATED TERMS OF SETTLEMENT AND CONSENT ORDER
Case No. 3:12-cv-1721-JST

As a result of settlement of this action by virtue of a confidential settlement agreement between the parties, and as a result of the parties' agreement regarding the terms of this consent judgment, judgment is hereby entered in this action, and it is hereby ORDERED, ADJUDGED, and DECREED that:

1) Plaintiff Twitter, Inc. filed this lawsuit against Defendants Skootle Corporation and James Kester in April 2012, and added Defendant Troy Fales in its First Amended Complaint.

2) This Court has jurisdiction over the parties to this action and over the subject matter of the complaint.

3) The Parties have agreed to resolve this dispute through a confidential settlement agreement, entered into by all Parties on advice of counsel of their own choice, have consented to this [Proposed] Stipulated Terms of Settlement and Consent Order, and hereby stipulate as follows:

    a) Defendants Skootle Corporation, James Kester, and Troy Fales, their agents, employees, and other persons who are in active concert or participation with anyone described in this subsection, are permanently enjoined from directly or indirectly:

        i) Creating or soliciting the creation of Twitter accounts for purposes that violate Twitter's Terms of Service (this term, or "TOS", includes Twitter's Terms of Service, the Twitter Rules, API Terms/Developer Rules of the Road, Automation Rules and Best Practices, Following Rules and Best Practices, and other user and developer terms);

        ii) Accessing, searching, or attempting to access or search Twitter's website, computer systems, and services in order to engage in specific acts that violate Twitter's Terms of Service;

        iii) Creating, developing, manufacturing, adapting, modifying, making available, trafficking in, using, disclosing, selling, licensing, distributing (with or without monetary charge), updating, providing customer support for, or offering for use, sale, license, or distribution (with or without monetary charge), any software or technology designed

[PROPOSED] STIPULATED TERMS OF SETTLEMENT AND CONSENT ORDER
Case No. 3:12-cv-1721-JST

for use in connection with Twitter's service, the use of which would violate Twitter's Terms of Service, including but not limited to TweetAdder version 3.0 and all prior versions of the TweetAdder software;

   iv) Transmitting, assisting with the transmission of, or procuring or inducing the transmission of unsolicited commercial messages to users on Twitter's service, including but not limited to Tweets, @replies, and direct messages, to Twitter users;

   v) Engaging in false representations or false advertising that would misleadingly suggest to a reasonable consumer that a software or other technology conforms to Twitter's Terms of Service and/or will not result in a Twitter user's account being suspended; and

   vi) Engaging in any activity that violates, or induces others to violate, Twitter's Terms of Service and/or Privacy Policy.

4) Accordingly, Plaintiff's claims against Defendants shall be, and hereby are, DISMISSED WITH PREJUDICE.

5) This Court shall retain jurisdiction over this case for purposes of enforcing this Order and the confidential settlement agreement between the parties.

6) Each party shall bear its own costs and attorneys' fees.

7) The Parties have agreed to execute this Order on February 28, 2013, and have agreed that it shall be deemed effective as of May 28, 2013. The Parties have agreed that Plaintiff shall file this Order with the Court on or by May 28, 2013.

| | | |
|---|---|---|
| 1 | Dated: February 28, 2013 | WILSON SONSINI GOODRICH & ROSATI P.C. |
| 2 | | |
| 3 | | By: *Charles T. Graves* |
| | | Charles T. Graves |
| 4 | | tgraves@wsgr.com |
| 5 | | Attorneys for Plaintiff |
| | | TWITTER, INC. |
| 6 | | |
| 7 | Dated: February 28, 2013 | COLT / WALLERSTEIN LLP |
| 8 | | |
| 9 | | By: *[signature]* |
| 10 | | Attorneys for Defendants |
| | | SKOOTLE CORP., JAMES KESTER, and TROY |
| 11 | | FALES |

IT IS SO ORDERED.

DATED: _____     _____
                              Honorable Jon S. Tigar
                              United States District Judge

- 3 -
[PROPOSED] STIPULATED TERMS OF SETTLEMENT AND CONSENT ORDER
Case No. 3:12-cv-1721-JST